**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

James Ernest Foust,

Plaintiff,

v.

Susan George, *et al.*,

Defendants.

Case No. 26-cv-12562

Judith E. Levy
United States District Judge

Mag. Judge Anthony P. Patti

________________________________/

**ORDER OF DISMISSAL**

Plaintiff James Ernest Foust filed a complaint under 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff is self-represented or *pro se*. He is incarcerated at the Macomb Correctional Facility in Lenox Township, Michigan. (*See id.* at PageID.2, 5.) Plaintiff also filed an application to proceed without prepaying fees or costs—or to proceed *in forma pauperis*. (ECF No. 2.) For the reasons set forth below, the complaint is dismissed without prejudice.

On July 30, 2026, Magistrate Judge David R. Grand issued an order for Plaintiff to correct a deficiency in his application to proceed

without prepaying fees or costs. (ECF No. 5.) The order issued by Judge Grand noted that

> [a]lthough plaintiff has submitted an application to proceed without prepayment of fees, the application does not include a certified trust account statement or a current computerized trust fund statement of account showing the history of the financial transactions in his institutional trust fund account for the past six (6) months. Plaintiff's complaint is deficient because he failed to provide the Court with a certified account statement as well as [a] copy of his computerized prison trust fund account for the past six (6) months. *See Davis v. United States*, 73 F. App'x 804, 805 (6th Cir. 2003).

(*Id.* at PageID.5.) As a result, Judge Grand's order stated:

> unless plaintiff chooses to pay the filing fee of $ 350.00, plus the $ 55.00 administrative fee in full, the Court **ORDERS** him to provide a financial certificate signed by plaintiff's custodian or designee and a current computerized trust fund statement of account showing the history of the financial transactions in plaintiff's institutional trust fund account for the last six (6) months. If plaintiff does not provide the requested information to the United States District Court within **thirty (30) days** of the date of this Order, his complaint shall be **DISMISSED**.

(*Id.* (emphasis in original).) The deadline imposed in Judge Grand's order elapsed approximately one month ago. To date, Plaintiff has

neither paid the applicable fees nor provided the Court with the documents specified in the order.

Section 1915(a)(2) requires a prisoner who seeks to proceed without prepayment of fees and costs in a civil action in federal court to "submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2); *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997). The Sixth Circuit instructs that if a prisoner who does not pay the full filing fee

> fails to provide an affidavit of indigency or trust account statement, the district court must notify the prisoner of the deficiency and the prisoner will then have thirty days from the date of the deficiency order to correct the error or pay the full filing fee. If the prisoner does not comply with the district court's directions, the district court must presume that the prisoner is not a pauper and assess the inmate the full amount of fees. The district court must then order the case dismissed for want of prosecution.

*McGore*, 114 F.3d at 605.

Here, the deficiency order issued by Judge Grand gave Plaintiff thirty days to pay the applicable fees or provide the Court with a signed

certification of his trust account from an authorized prison official and a current computerized trust fund account statement showing the history of the financial transactions in Plaintiff's institutional trust fund account for the past six months. (ECF No. 5.) Plaintiff failed to do so.

Thus, Plaintiff has failed to correct the deficiency pointed out in Judge Grand's order. (ECF No. 5.) Plaintiff's application to proceed without prepaying fees or costs remains deficient, and Plaintiff has not paid the applicable fees. Therefore, the Court dismisses the complaint without prejudice for want of prosecution. *See McGore*, 114 F.3d at 605; *Erby v. Kula*, 113 F. App'x 74, 76 (6th Cir. 2004) ("conclud[ing] that the district court did not abuse its discretion when it dismissed [a] civil rights complaint [filed by a Michigan prisoner proceeding *pro se*] for want of prosecution," given that the plaintiff "failed to pay the filing fee or submit the required documentation to the district court in order to apply to proceed in forma pauperis"); *Wilson v. United States*, No. 22-10104, 2022 WL 2517237, at *2 (E.D. Mich. July 6, 2022) ("Plaintiff did not pay the applicable filing fee, and his IFP application remains deficient, so the complaint must be dismissed without prejudice.").

Accordingly, the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. Nothing in this order precludes Plaintiff from filing a new complaint under a new case number so long as he pays the applicable fees or provides the complete and correct information necessary to proceed without prepayment of fees.

IT IS SO ORDERED.

Dated: October 2, 2026
Ann Arbor, Michigan

s/Judith E. Levy
JUDITH E. LEVY
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 2, 2026.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager